UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Kenneth Mott, individually
and on behalf of all others similarly
situated,

          Plaintiff,

v.

TDS Telecommunications, LLC, and
TDS Telecom Service LLC,

          Defendants.

Case No.

**COLLECTIVE AND CLASS ACTION COMPLAINT**

---

**PRELIMINARY STATEMENT**

1. This is a collective and class action brought by individual and representative Plaintiff Ken Mott ("Plaintiff"), on behalf of himself and all others similarly situated (the putative "FLSA Collective"), and on behalf of members of the putative Colorado Rule 23 Class, to recover overtime pay from his former employer, Defendants TDS Telecommunications, LLC and TDS Telecom Service LLC (collectively, "Defendants" or "TDS").

2. Plaintiff brings this action on behalf of himself and all similarly situated individuals for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA").

3. Plaintiff's claim is asserted as a collective action under the FLSA, 29 U.S.C. § 216(b).

4. Plaintiff also brings claims to recover unpaid wages under the Colorado Overtime and Minimum Pay Standards Order (the "COMPS Order"), The Colorado Wage Claim Act, §8-4-

1

101, *et seq*. (the "Wage Claim Act"), and the Colorado Minimum Wage Act, C.R.S. §8-6-101 ("the Minimum Wage Act"), *et seq*. Plaintiff brings these state law claims as a putative class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

5. The putative FLSA Collective is made up of all persons who are or have been employed by Defendants as a Network Specialist (also referred to as Network Specialist – OSP Engineering & Construction, Outside Plant Engineering Specialist, and/or Outside Plant Construction Specialist), or in other job titles performing similar duties (collectively referred to as "Network Specialists") anywhere in the United States during the applicable statutory period.

6. The putative "Colorado Rule 23 Class" is made up of all persons who are or have been employed by Defendants in the state of Colorado as Network Specialists during the applicable statutory period.

7. Plaintiff and those similarly situated routinely worked more than forty (40) hours in a workweek but were not paid an overtime premium for their overtime hours.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. § 201 *et seq*.

9. This Court also has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims asserted, as the state and federal claims derive from a common nucleus of operative fact.

2

10. Venue is proper in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

11. Plaintiff Ken Mott is an adult resident of Severance, Colorado.

12. Plaintiff worked for Defendants as a Network Specialist I and II in Berthoud, CO, and remotely from his home in Severance, Colorado from approximately November 2019 to March 2023.

13. Plaintiff was Defendants' employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

14. Defendant TDS Telecommunications LLC is a Delaware corporation that does business in Colorado. Its principal office is located at 525 Junction Rd, Madison, WI 53717. Defendant TDS Telecom Service LLC is an Iowa corporation that does business in Colorado. Its principal office is located at 525 Junction Rd, Madison, WI 53717.

15. Defendants are part of a U.S.-based organization offering high-speed internet, TV entertainment, and phone services to rural and suburban communities. TDS provides a wide range of broadband, video, and voice communications services to residential, commercial, and wholesale customers.

16. Defendants were or are Plaintiff's and the similarly situated Network Specialists' "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

3

17. At all times material, Plaintiff and other Network Specialists were engaged in commerce or in the production of goods for commerce as defined by Section 207(a)(1) of the FLSA.

18. Defendants operate in interstate commerce by, among other things, offering and selling services to customers across the country.

19. At all times material, Defendants qualified as an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, and had annual gross volume of sales which exceeded $500,000.00.

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

20. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

21. At all times relevant herein, Defendants operated a willful scheme to deprive Plaintiff and others similarly situated of overtime compensation.

22. Plaintiff and the similarly situated individuals work or worked as Network Specialists (including Network Specialists, Network Specialists I, Network Specialists II, or Senior Network Specialists), or in other job titles performing similar duties.

23. A Network Specialist's primary job duty is to act as the primary liaison between Defendants (including engineering and construction) and its contracted vendors.

24. Among other non-exempt tasks, Plaintiff and the putative collective members spent their time communicating with Defendants' contracted vendors and construction companies regarding project design plans, entering project design data into a program for cost auto-

4

calculation, obtaining the necessary permits for construction, and submitting project plans to managers and Defendants' oversight board for approval.

25. Plaintiff and the similarly situated individuals are or were paid a salary with no overtime pay.

26. Plaintiff and the other similarly situated Network Specialists are or were treated as exempt from federal and state overtime laws.

27. Defendants suffered and permitted Plaintiff and the other similarly situated individuals to work more than forty (40) hours per week without overtime pay.

28. For example, during the workweek ending January 14, 2023, Plaintiff estimates that he worked approximately 48-50 hours and did not receive overtime pay for his overtime hours in that week, or any subsequent workweeks while he was employed by Defendants.

29. Defendants required Plaintiff, the putative FLSA Collective, and putative Colorado Rule 23 Class to meet strict production goals and timelines, which contributed to the amount of overtime hours worked in certain workweeks.

30. Defendants have been aware, or should have been aware, that Plaintiff and the other similarly situated individuals performed non-exempt work that required payment of overtime compensation. Defendants assigned Plaintiff and others similarly situated a heavy workload and required them to work long hours, including overtime hours, to complete all of their job responsibilities.

5

34. Plaintiff also raised the issue of being required to work long hours with his manager. However, Plaintiff's supervisors never discouraged Plaintiff from working overtime, and Defendant never paid Plaintiff any overtime premium wages.

35. Defendants knew that Plaintiff and the other similarly situated individuals worked unpaid overtime hours because Defendants required Plaintiff and those similarly situated to record their work hours in Defendants' electronic timekeeping system. Plaintiff's timesheets reflected that Plaintiff worked over 40 hours per week on a regular basis. Upon information and belief, those similarly situated also recorded overtime hours on their timesheets.

36. Although Defendants had a legal obligation to do so, Defendants did not make, keep, or preserve adequate or accurate records of all the hours Plaintiff and the other similarly situated individuals worked.

## FLSA COLLECTIVE ACTION ALLEGATIONS

37. Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

36. Plaintiff files this action on behalf of himself and all other similarly situated individuals. The putative FLSA Collective is defined as follows:

> All persons who worked for Defendants as a Network Specialist (also referred to as Network Specialist – OSP Engineering & Construction, Outside Plant Engineering Specialist, and/or Outside Plant Construction Specialist) (including Network Specialists, Network Specialists I, Network Specialists II, or Senior Network Specialists), or in other job titles performing similar duties anywhere in the United States any time since three years prior to the filing of this Complaint through the present.

38.     Plaintiff has consented in writing, Exhibit A, to be a part of this action pursuant to 29 U.S.C. § 216(b).  As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

39.     Plaintiff and the other similarly situated individuals routinely worked in excess of forty (40) hours in a workweek without receiving overtime compensation for their overtime hours worked.

40.     Defendants willfully engaged in a pattern of violating the FLSA, as described in this Complaint in ways including, but not limited to, requiring Plaintiff and the other similarly situated individuals to work excessive hours and failing to pay them overtime compensation.

41.     Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the entire putative FLSA Collective.  Accordingly, notice should be sent to the putative FLSA Collective.  There are numerous similarly-situated current and former employees of Defendants who have suffered from the Defendants' practice of denying overtime pay, and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly-situated employees are known to Defendants and are readily identifiable through its records.

## **COLORADO RULE 23 CLASS ACTION ALLEGATIONS**

42.     Plaintiff re-alleges and incorporates by reference all allegations in the preceding paragraphs. Pursuant to Fed. R. Civ. P. 23(a) and 23(b), Plaintiff brings Counts II individually and on behalf of the putative Colorado Rule 23 Class.

43. The class of similarly situated employees sought to be certified under Fed. R. Civ. P. 23(a) and 23(b) as a class action under The Colorado Wage Claim Act and the Colorado Minimum Wage Act is defined as:

> All persons who worked as a Network Specialist (also referred to as Network Specialist – OSP Engineering & Construction, Outside Plant Engineering Specialist, and/or Outside Plant Construction Specialist) (including Network Specialists, Network Specialists I, Network Specialists II, or Senior Network Specialists), or in other job titles performing similar duties for Defendants in Colorado at any time since three years prior to the filing of this Complaint through judgment (the "Colorado Rule 23 Class").

44. The persons in the putative Colorado Rule 23 Class are so numerous that joinder of all members is impracticable. While the precise number has not been determined, Defendants, on information and belief, have employed numerous Network Specialists in Colorado during the applicable statute of limitations period. Plaintiff and the putative Colorado Rule 23 Class have been equally affected by Defendants' violations of law.

45. There are questions of law and fact common to the putative Colorado Rule 23 Class that predominate over any questions solely affecting individual members, including but not limited to the following:

    a. Whether Defendants violated Colorado law by failing to pay overtime wages;

    b. The proper measure and calculation of damages; and

    c. Whether Defendants' actions were willful or in good faith.

46. Plaintiff's claims are typical of those members of the putative Colorado Rule 23 Class. Plaintiff, like other members of the putative Colorado Rule 23 Class, was subject to Defendants' practices and policies described in this Complaint. Further, Plaintiff's job duties are

typical of the putative Colorado Rule 23 Class, as all class members are or were Network Specialists.

47. Plaintiff will fairly and adequately protect the interests of the putative Colorado Rule 23 Class and has retained counsel experienced in complex wage and hour class and collective action litigation.

48. The action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law or fact predominate over any questions affecting individual class members, and a class action is superior to other methods in order to ensure a fair and efficient adjudication of this controversy, because, in the context of wage and hour litigation, individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to Defendants' policies and practices. There do not appear to be any difficulties in managing this class action.

49. Plaintiff intends to send notice to all members of the putative Colorado Rule 23 Class to the extent required by Fed. R. Civ. P. 23.

## CAUSES OF ACTION

### COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME
**(On behalf of Plaintiff and the Putative FLSA Collective)**

50. Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

9

51. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

52. Defendants suffered and permitted Plaintiff and the other similarly situated individuals to routinely work more than forty (40) hours in a workweek without overtime compensation.

53. Defendants' actions, policies, and practices described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the other similarly situated individuals their required overtime compensation.

54. As the direct and proximate result of Defendants' unlawful conduct, Plaintiff and the other similarly situated individuals have suffered and will continue to suffer a loss of income and other damages. Plaintiff and the other similarly situated individuals are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

55. By failing to accurately record, report, and/or preserve records of all of the hours Plaintiff and other similarly situated individuals worked, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

56. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Defendants knew or showed reckless disregard for the fact that its compensation practices were in violation of these laws.

### COUNT II – VIOLATION OF COLORADO LABOR LAW
### FAILURE TO PAY OVERTIME

**(On Behalf of Plaintiff and the Putative Colorado Rule 23 Class)**

57. Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

58. At all relevant times, Plaintiff and the members of the putative Colorado Rule 23 Class were employees within the meaning of Colorado Law.

59. At all relevant times, Defendants were an employer within the meaning of Colorado Law.

60. Colorado law requires Defendants to pay overtime compensation at a rate of not less than one and one-half times the employee's regular rate of pay for all hours worked in excess of forty hours in a workweek. Colo. Rev. Stat. § 8-4-101 *et seq.*, and 7 Code of Colo. Regs. 1103-1.

61. Defendants, pursuant to its policies and practices, refused and failed to pay Plaintiff and the members of the putative Colorado Rule 23 Class overtime wages for hours worked over 40 per workweek.

62. Plaintiff and the members of the putative Colorado Rule 23 Class worked more than 40 hours for Defendants in one or more workweeks within the past three years, but due to Defendants' failure to pay them for all hours worked, they did not receive overtime pay for all hours worked in violation of the Colorado Wage Act, C.R.S. § 8-4-101 *et. seq.*, Colorado Minimum Wage Act, C.R.S. § 8-6-101, *et. seq.*, and the Colorado Overtime and Minimum Pay Standards Order ("COMPS Order"), 7 C.C.R. 1103-1.

63. Defendants' actions were willful, and Defendants did not have a good faith basis to believe that its underpayment was in compliance with Colorado law.

64. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and the members of the putative Colorado Rule 23 Class have suffered damages in an amount to be determined at trial.

65. Plaintiff and the members of the putative Colorado Rule 23 Class seek damages in the amount of their unpaid wages, liquidated damages, pre- and post-judgment interest, reasonable attorney's fees and costs of the action, and such other legal and equitable relief as the Court deems proper.

## COUNT III – VIOLATION OF COLORADO LABOR LAW
## FAILURE TO PROVIDE MEAL AND REST BREAKS
**(On Behalf of Plaintiff and the Putative Colorado Rule 23 Class)**

66. Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

67. At all relevant times, Plaintiff and the members of the putative Colorado Rule 23 Class were employees within the meaning of Colorado Law.

68. At all relevant times, Defendants were an employer within the meaning of Colorado Law.

69. Defendants employed the Plaintiff and others in an industry regulated by COMPS Orders 35, 36, 37 and 38. 7 C.C.R. 1103-1.

70. Defendants violated the COMPS Order when they failed to provide the Plaintiff and others with thirty-minute duty-free meal periods for each shift of five hours or more. 7 C.C.R. 1103-1 ¶ 5.1.

71. Defendants violated the COMPS Order when they failed to authorize and permit

12

the Plaintiffs and others to take compensated ten-minute rest periods for each four hours (or major fractions thereof) worked. 7 C.C.R. 1103-1 ¶¶ 5.2.3, 5.2.4.

72.     Defendants violated the COMPS Order when they failed to make payments to the Plaintiffs and others to compensate them for mandatory rest breaks they were denied.

73.     As a result, the Plaintiffs and others similarly situated suffered lost wages and lost use of those wages in an amount to be determined at trial.

74.     Plaintiffs and others similarly situated are entitled to recover in this civil action the unpaid balance of the full amount of overtime wages they are owed, together with reasonable attorney fees and court costs. 7 C.C.R. 1103-1 ¶8.1(A).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and the putative FLSA Collective, prays for relief as follows:

A. Designation of this action as a collective action on behalf of Plaintiff and those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

B. A finding that Plaintiff and the putative FLSA Collective are non-exempt employees entitled to protection under the FLSA;

C. A finding that Defendants violated the overtime provisions of the FLSA;

D. Judgment against Defendants in the amount of Plaintiff's and the putative FLSA Collective's unpaid back wages at the applicable overtime rates;

E. An award of all damages, liquidated damages, pre-judgment interest and post-judgment interest;

F. An award of attorneys' fees and costs incurred in prosecuting this action;

G. Leave to add additional parties, plaintiffs and/or state law claims and additional class representatives by motion, the filing of written consent forms, or any other method approved by the Court; and

H. For such other and further relief, in the law or equity, as this Court may deem appropriate and just.

**WHEREFORE**, Plaintiff, individually and on behalf of the putative Colorado Rule 23 Class, prays for relief as follows:

A. Designation of this action as a class action and appointment of Plaintiff as the class representative and Plaintiff's Counsel as Class Counsel;

B. A finding that Plaintiff and the Colorado Class are non-exempt employees entitled to protection under Colorado law;

C. A finding that Defendants violated the overtime provisions of Colorado law;

D. Judgment against Defendants in the amount of Plaintiff's and the Colorado Class's unpaid back wages at the applicable overtime rates, plus all penalties, damages and interest provided by law;

E. An award of attorneys' fees and costs incurred in prosecuting this action;

F. For such other and further relief, in the law or equity, as this Court may deem appropriate and just.

Dated: January 22, 2024

**NICHOLS KASTER, PLLP**

s/Daniel S. Brome
Daniel S. Brome, Cal. Bar No. 278915
NICHOLS KASTER, LLP
dbrome@nka.com
235 Montgomery St., Suite 810
San Francisco, California, 94104
Tel: (415) 277-7239
Fax: (612) 215-6870

Reena I. Desai, MN Bar No. 0388311
Nichols Kaster, PLLP

desai@nka.com
4700 IDS Center, 80 South 8th Street
Minneapolis, Minnesota 55402
Tel: (612) 256-3200
Fax: (612) 215-6870

**ATTORNEYS FOR PLAINTIFF, THE PUTATIVE FLSA COLLECTIVE AND THE PUTATIVE COLORADO RULE 23 CLASS**

15